YARRUT, Judge.
Plaintiff, as the purchaser, seeks specific performance of an agreement for the sale of an immovable entered into between it and Defendant on April 22, 1966. The agreement recites the act of sale is to be passed on or before June 22, 1966; but, “if bona fide curative work in connection with the title is required, the parties hereto agree and do extend the time for passing the act of sale by thirty days.”
Counsel for Plaintiff promptly ordered an interim title binder from Lawyers Title Insurance Corporation, which was issued on April 29, 1966. Among the requirements in the binder was that certified copies of two decrees of divorce of Defendant be furnished to Lawyers Title Insurance Corporation. In the act of sale when Defendant acquired the property, he stated that he had been married twice and divorced twice. Certified copies of the decrees of divorce were furnished Lawyers Title Insurance Corporation on May 10, 1966. Counsel for Plaintiff conceded that Lawyers Title Insurance Corporation signified it was satisfied with the curative work done on the title on May 11, 1966.
The act of sale was not passed on June 22, 1966, the last date specified in the agreement and, on July 6, 1966, Defendant wrote to Mr. Smith, President of Plaintiff-Corporation, stating that, because of his failure to have the act of sale passed on or before June 22, 1966, his deposit was forfeited. On advice of counsel, Defendant later returned the deposit check to Mr. Smith. On July 11, 1966, Plaintiff’s counsel notified Defendant that the act of sale was scheduled for July 15, 1966 at 2 p. m. Defendant failed to appear at this specified time.
On July 22, 1966, Plaintiff filed a suit for specific performance. Defendant reconvened, praying that the inscription of the agreement to purchase be cancelled *239 from the records of the Conveyance Office of Orleans Parish; and that the notice of lis pendens be cancelled from the Mortgage Office of Orleans Parish. The District Court found for Plaintiff, and ordered Defendant to transfer the property to Plaintiff on the terms set forth in the agreement within thirty days, in default of which the judgment would be translative of title; and dismissed Defendant’s re-conventional demand. From this judgment Defendant has taken this suspensive appeal.
We find that bona fide curative work was required in connection with the title. However, admittedly curative work required was completed more than thirty days before the final date set for the act of sale. The question before us is whether, because curative work was necessary in connection with the title, it automatically extended the final date set for the passage of the act of sale for thirty days, i. e., from June 22, 1966 to July 22, 1966, even when the extra thirty days was not necessary to perform the curative work, as it had already been performed some forty-two days before the last date specified for the passage of the act of sale.
Plaintiff relies heavily on Elliott v. Dupuy, 242 La. 173, 135 So.2d 54, for the proposition that the thirty-day extension automatically goes into effect once curative work becomes necessary. However, the cited case is not apposite here because, in the cited case, the curative work was done during the extended thirty-day period.
We find that a fair and reasonable interpretation of the extension clause is that it could only be brought into effect when necessary. It would be a strain on the language of the agreement to hold that, when the curative work is completed well before the act of sale is to be passed, the extension automatically goes into effect, even though it is not necessary.
However, Plaintiff contends this strained interpretation of the agreement was one that was placed upon it by Defendant himself, because he telephoned Plaintiff’s attorney asking when the act of sale would be passed after June 22, 1966, more specifically, on or about June 26th or 27th, 1966. We find Plaintiff’s contention is not borne out by the evidence. Defendant’s testimony is very confused as to when he did telephone Plaintiff’s attorney. He testified he waited approximately ten days after the last telephone call before he wrote his letter of July 6, 1966, stating that Mr. Smith forfeited his deposit because he did not take title by June 22, 1966. However, Defendant also stated that he made this last telephone call on or before June 22, 1966. On cross-examination his testimony was as follows:
“Q. You said you waited ten days. Is that your testimony?
A. Not exactly ten days. The letter states for itself. What’s the date of the letter?
Q. I’m asking you if your testimony—
A. How many times did I call you in a week?
THE COURT:
Just one second. You stated you waited ten days after that to write this letter, is that correct?
A. I don’t know the date of the letter. Give me the date of the letter and I will tell you.
THE COURT:
He says he doesn’t know.
MR. FRIEDMAN (Plaintiff’s attorney) :
Your Honor,—
THE WITNESS:

I practically called you every day. At the time, I was sick and needed money. I waited for the act of sale and I called you up practically every day. If I wasn’t calling you, I was calling Smith.

*240 MR. FRIEDMAN:
Is the Court requiring me to furnish him the date?
THE WITNESS:

That was before the twenty-second of June, on or before.

THE COURT:
What is your question?
MR. FRIEDMAN:
The point is very simple. I am asking him a very simple question. He stated he waited ten days after-wards to write this letter.
THE COURT:
That’s right.
MR. FRIEDMAN:
I want to ask him if that is his testimony.
THE COURT:
You first testified back in the record that it was approximately ten days?
THE WITNESS:
Approximately. I’m not positive.
THE COURT:
You can’t be positive?
THE WITNESS:
It was approximately.
THE COURT:
Approximately ?
THE WITNESS:
Yes.”
This testimony is not conclusive of Defendant’s intent, since he was not told the date of his letter so he could calculate when he made his last telephone call.
For the above reasons, we hold that the provision in the agreement for a thirty-day extension of the final date set for the act of sale never came into effect, and Plaintiff cannot avail itself of that provision.
Therefore, the judgment decreeing specific performance is reversed. Since Defendant is entitled to the relief requested in his Reconventional Demand, we order the cancellation of the inscription of the above described agreement to purchase registered in Book 669, folio 701, of the Conveyance Office of Orleans Parish; and the cancellation of the notice of lis pendens inscribed in Book 2083, folio 465, of the Mortgage Office of Orleans Parish. Plaintiff is to pay all costs in both Courts.
Judgment reversed.